Jerome M. Kornfeld, Esq. General Counsel, Association of Fire Districts
Based upon your letter and telephone conversations with this office, you ask whether an insurance company providing Volunteer Firemen's Benefit Law (VFBL) insurance to a fire district may add an endorsement to the policy naming the fire company or department, fire commissioners and/or fire chiefs ("fire department" and "fire officers") serving the district as additional insureds under the district's liability portion of the policy, and if so, whether the district may pay the premium for that additional coverage. We understand that the purpose of this coverage would be to indemnify fire departments and fire officers against tort liability arising out of third-party claims for contribution interposed by defendant-tortfeasors in actions instituted by volunteer firemen or their representatives.*
Volunteer Firemen's Benefit Law, § 6 provides for the payment of benefits to volunteer firemen injured in line of duty or their representatives, where death has resulted from such injuries. Section 30 of the VFBL, as amended by Laws of 1963, ch 1004, imposes liability for the payment of volunteer firemen's benefits upon the fireman's home county, city, town, village or fire district. It is important to note here that fire departments and fire officers are not liable for the payment of benefits under the VFBL (Volunteer Firemen's Benefit Law, § 30).
Volunteer Firemen's Benefit Law, § 31(2) provides that an insurance contract to indemnify against liability for the payment of benefits under the VFBL originally issued to take effect on or after March 1, 1962, and any renewal thereof, "shall be a separate and distinct contract". There is no similar requirement with respect to VFBL policies originally issued to take effect prior to March 1, 1962 (id., § 31[3]). The purpose of the section 31(2) requirement that a VFBL insurance policy issued after March 1, 1962 be a separate and distinct contract is to avoid confusion between liabilities under the VFBL and liabilities which may arise under other statutes, such as the Workers' Compensation Law, and between coverages indemnifying against those liabilities (L 1961, ch 927; letters to Robert MacCrate, Counsel to the Governor, dated April 6, 1961 and April 10, 1961 from Charles W. Potter, Counsel to the Joint Legislative Committee on Fire Laws, and Robert W. Marshlow, Assistant Counsel of Office for Local Government, respectively, in relation to Assembly Int 2026, Pr 2032, enacted as chapter 927 of the Laws of 1961, the present section 31[2]). In adopting the 1961 amendment adding section 31(2), the Legislature specifically intended that VFBL policies "be identifiable as such and have no other purpose" (letter from Robert W. Marshlow, supra).
An endorsement of the nature you describe insures fire departments and fire officers against third-party tort liability for contribution, not against liability for payment of benefits under the VFBL. (As previously noted, fire departments and fire officers have no statutory liability for payment of VFBL benefits.) By adding this provision to a fire district's VFBL policy, an insurer would be undertaking to indemnify the interests of the district as well as the separate interests of the fire department and fire officers against different liabilities in one insurance policy. This, we think, cannot be done in the case of VFBL policies issued after March 1, 1962, which by statute must be separate contracts (id., § 31[2]).
Turning to your second question, we believe that a fire district may purchase liability insurance for the fire departments and fire officers serving the district. Statutory authority for an expenditure of this nature is found in General Municipal Law, § 52, Public Officers Law, § 18(8) and Town Law, § 176(19).
We conclude that an endorsement naming a fire department or company, fire commissioners and/or fire chiefs as additional insureds cannot be added to nor form a part of a fire district's VFBL insurance policy originally issued to take effect on or after March 1, 1962. A fire district may purchase liability insurance for the fire departments or companies, fire commissioners and fire chiefs serving the district.
* A volunteer fireman who is injured in line of duty, or his representatives where death has resulted from that injury, in addition to recovering benefits under the VFBL, may institute an action against a tortfeasor not in the same employ to recover damages for such injury or death (Volunteer Firemen's Benefit Law, § 20; Workers' Compensation Law, § 29). It is in the context of these tort actions that third-party claims for contribution have been interposed against fire departments and fire officers.